UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR HURTADO,

v.                                    Case No. 8:03-cr-01-T-17MAP
                                              8:05-cv-598-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Oscar Hurtado's 28 U.S.C. § 2255

motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-327)

BACKGROUND

In December 2002, United States Coast Guard personnel on board a ship in the

eastern Pacific Ocean spotted the Colombian vessel Sandrina. Presentence Investigation

Report ("PSR") ¶ 9. A small "go-fast" boat with what appeared to be bales of contraband

was tied alongside the Sandrina. Id. After the Coast Guard dispatched a patrol aircraft to

take pictures of the two vessels, Coast Guard personnel observed the go-fast boat adrift

and burning. PSR ¶ 10. The Sandrina then departed the area, and Coast Guard personnel

saw persons on the Sandrina dropping objects overboard. PSR ¶ 11.

Coast Guard personnel boarded the Sandrina and discovered twelve men: seven

Sandrina crew members, including Hurtado, and five go-fast crew members. The go-fast

crew members claimed that they had been fishing and had sought help from the Sandrina

when their boat caught fire.

Case 8:05-cv-00598-EAK-MAP   Document 4   Filed 04/28/06   Page 2 of 6 PageID 40

A search of the ocean near where the go-fast boat had contacted the Sandrina revealed numerous bales of cocaine, many of which had been damaged by fire. PSR ¶ 12. Coast Guard personnel recovered a total of 249.3 kilograms of cocaine from the water. They then arrested the crews of both vessels. PSR ¶ 13. Although two men were identified as captains of the Sandrina and the go-fast boat, there was no evidence that any crew member had any supervisory or managerial role in the incident, and no crew member reportedly had acted as a Colombian cartel representative for the smuggling voyage. PSR ¶¶ 14-16.

A grand jury in the Middle District of Florida returned an indictment charging Hurtado and eleven others with conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and possessing five kilograms or more of cocaine with intent to distribute it while on board a vessel subject to the jurisdiction of the United States, in violation of 46 app. U.S.C. § 1903. Doc. cr-51.

Hurtado pled guilty to the indictment without benefit of a plea agreement. Docs. cr-202 (change of plea hearing); cr-218 (acceptance of plea). Before sentencing, the probation office recommended no role adjustment for Hurtado under USSG § 3B1. Hurtado objected, asserting that he was entitled to a four-level reduction under USSG § 3B1.2(a) for being a "minimal participant." PSR ¶ 27 and Addendum.

At sentencing, the undersigned district judge overruled the objection, noting that Hurtado's boat was apparently a refueling vessel for the go-fast carrying the cocaine and, as such, was "an integral part of the operation." Doc. cr-274 at 11. The Court held Hurtado responsible only for the cocaine that had been recovered from the ocean, assigning him a base offense level of 38 based on more than 150 kilograms of cocaine. PSR ¶ 23;

2

Doc.cr- 274 at 11-12. The Court sentenced Hurtado to 135 months' imprisonment, to be followed by five years' supervised release. Doc. cr-244 (judgment) at 2-3.

Hurtado directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 03-15347. Hurtado raised the following issue on appeal: a. Whether the trial court erred finding the defendant did not qualify for a minimal role adjustment pursuant to the U.S.S.G. § 3B1.2.

On May 12, 2004, the Eleventh Circuit affirmed the disposition of this case. United States v. Hurtado, 107 Fed. Appx. 184, 2004 WL 1121576 (11th Cir., 2004). Doc. cr-317 (USCA Decision). Hurtado did not file a Petition for Writ of Certiorari.

On March 28, 2005, Hurtado timely filed the instant section 2255 motion without a Memorandum of Law. Doc. cv-1; Hurtado raises the following claim:

a. Counsel was ineffective for "failing to request a minor role adjustment and
that my offense level should be set at (30) pursuant to the USSG
Amendment 640."

Doc. cv-1 at 5.

On March 31, 2005, the Court ordered the government to file a response to Hurtado's motion within 25 days, which the Government did. Doc. cv-2. Although given days to file a reply, Hurtado did not file a reply.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Hurtado's motion to vacate must be denied.

Hurtado's ineffective assistance of counsel allegations do not entitle him to any relief because he has failed to establish that his counsel was ineffective or that he was

3

prejudiced in any way. Hurtado states, without any factual or legal support, that his counsel was ineffective because he failed to request he, Hurtado, receive a minor role adjustment and that his offense level be cut off at 30. Doc. cv-1 at 5.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the

4

circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not

to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Hurtado to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Hurtado complains his counsel did not request a role adjustment during sentencing. Doc. cv-1 at 5. The record overwhelmingly refutes Hurtado's claims. The record shows that counsel raised this issue prior to sentencing (PSR ¶ 27 and Addendum), during sentencing (Doc. cr-274 at 11-12), and on appeal (Exhibit A). The district court overruled counsel's objection, and the Eleventh Circuit affirmed the judgment. Doc. cr-317. Hurtado has failed to show any deficiency or resulting prejudice and is not entitled to any relief.

Accordingly, the Court orders:

That Hurtado's motion to vacate (Doc. cv-1; cr-327) is denied. The Clerk is directed to enter judgment against Hurtado in the civil case and to close that case.

ORDERED in Tampa, Florida, on _APRIL 28th_, 2006.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Anthony Porcelli
Pro Se Litigant: Oscar Hurtado